Davis v. State.

BENJAMIN DAVIS ET AL., PLAINTIFF IN ERROR, v. STATE OF NEW JERSEY, DEFENDANT IN ERROR.

On error to the Supreme Court.

This action was upon a bond given by Benjamin F. Davis, George W. Davis and Hugh Sharp to the State of New Jersey in the penal sum of $1000. The issues in the cause were tried at the Camden Circuit, a jury being waived by consent of the parties, and the following reasons for the judgment were assigned by

PARKER, J. This suit is brought on a bond given to the plaintiff by defendants, in the penal sum of $1000, dated the 21st day of August, 1876, the condition of which is as follows, to wit: " Whereas, the above-bounden Benjamin F.

Davis has this day been decided by James M. Cassady and Charles Cox, two justices of the peace of said county of Camden, to be the father of a certain bastard child likely to be born from the body of Mary E. Mackin, single woman, of the township of Delaware, Camden county, and an order of filiation has been made by James M. Cassady and Charles Cox, the justices of the peace before whom the case was tried, the sum of $5 per week from the birth of said bastard child, to be paid by the said Benjamin F. Davis to the overseers of the poor of Delaware township for the time being, for the support of such bastard, and the sum of $100 to be paid for the sustenance of the said Mary E. Mackin during her confinement; and whereas the said Benjamin F. Davis, feeling himself aggrieved by the said decision of the said James M. Cassady and Charles Cox, and said order of filiation, and has taken an appeal therefrom to the next General Quarter Sessions of the Peace of said county of Camden : Now therefore if the said Benjamin F. Davis shall appear at the next General Quarter Sessions of the Peace in said county, and will not depart the court without leave, then this obligation to be void ; otherwise to remain in force."

From the evidence in the cause I find as facts that the said appeal was heard by the said Court of General Quarter Sessions of the Peace of the county of Camden at the January Term, 1877, of said court, and that the said court adjudged the said Benjamin F. Davis to be the reputed father of said bastard child, and that the child was chargeable to the township of Delaware ; and said court thereupon ordered and adjudged that for the better relief of said township, as for the sustenance and relief of said bastard child, that said Benjamin F. Davis should forthwith pay or cause to be paid to the overseers of the poor of said township the sum of $100 for and towards the lying-in of said Mary E. Mackin, and the sum of $72 for the maintenance of the said bastard child from the date of its birth to the time of making said order (February 19th, 1877,) and that Benjamin F. Davis should pay or cause to be paid to the overseers of the poor of said township the sum of $3 weekly and every week, from the 19th day of Feb-

ruary, 1877, for and towards the keeping, sustenance and maintenance of the said bastard child for and during so long a time as the said bastard child shall be chargeable to said township, and that the said Benjamin F. Davis should forthwith pay to said overseers of the poor, or some one of them, the sum of $18.37, being the amount of the costs and expenses against the said Benjamin F. Davis. And it further appears to me from the evidence, and I find as a fact, that the said order and adjudication of the said Court of General Quarter Sessions of the Peace still remains in full force, and has never been satisfied nor reversed nor vacated. And I find further as a fact that no part of the said sum of $100, nor of the said sum of $72, nor of the sum of $3 per week, so adjudged to be paid, has been paid by said Benjamin F. Davis nor by any person for him. And I find further as a fact that since said order and adjudication of the said Court of General Quarter Sessions of the Peace the said Benjamin F. Davis did not and has not entered into bond as provided by law, and that he departed the said court without being discharged and without leave.

Upon these facts the question arises whether the condition of said bond has been forfeited so as to make defendants liable in this action. The defendants deny that they are liable on the bond because they say proceedings against the putative father were not commenced under the Bastardy act then in force, but that he was brought before the justices under an act which had been repealed. Upon reading the bond it is found to be in the form authorized and required by the twelfth section of the act of 1874, then and now in force. That section provides that immediately after the putative father is notified of the adjudication of the two justices of the peace that he is the father of the child, he shall enter into bond to the State of New Jersey that he will obey or comply with said order, and will indemnify the township, &c., or will appear at the next Court of General Quarter Sessions of the Peace of the county, and will not depart the court without leave. It appears that said bond was given voluntarily by the defendants

in conformity with the last clause of that section. It is such a bond as the law then and now in force provides for. In this suit on the bond the court will not inquire whether the reputed father of the child was brought into court by process in force at the time the process was issued or not. It does not appear that any objection to the form of the process, or to the jurisdiction of the justices or the Court of General Quarter Sessions of the Peace was made. No question was made as to the legality of the preliminary proceedings. The putative father submitted himself without any objection to the hearing by the two justices on the merits, which were decided against him, and then he and the other defendants (his sureties) voluntarily gave the bond on which this suit is brought, and appealed to the Court of General Quarter Sessions of the Peace, in which court no such question as is here urged was raised, and the case was there again decided, with the aid of a jury, on the merits. It is now too late, in a suit on the bond, to raise the question insisted upon here. It is an effort to make a collateral issue of that which should have been settled by direct action. If there was any defect in the proceedings by which the putative father was brought into court it should have been stated then, and if unsuccessful, the adjudication should have been removed to a superior tribunal for review.

Upon the facts above stated I find the bond upon which this action was brought is valid and binding, and if the condition has been forfeited, the defendants are liable.

But defendants maintain that even if the bond be valid and binding under some circumstances, that they are not liable, because the condition has not been forfeited. They say its condition has been performed. But is this allegation true? The condition of the bond is that the putative father will appear at the next Court of General Quarter Sessions of the Peace, and will not depart the court without leave. The twenty-first section of the act leaves no doubt what the putative father is by the bond required to do if the decision of the Sessions be adverse to him. It enacts that he shall immediately pay the costs and expenses that the court may adjudge

to be paid by him, and shall enter into bond to the State of New Jersey in such amount as the court shall order, with approved surety or sureties, with a condition similar in substance with the first condition set forth in section 12 of said act of 1874. The twenty-second section provides that if the said person so bound to appear at the Sessions shall depart the court without executing the bond required in the twenty-first section or without being discharged by the court, his said bond with condition to appear at such court shall be thereby deemed to be forfeited and may be prosecuted as directed in the twenty-third section. The twenty-third section enacts that if default be made, the Sessions shall order the bond prosecuted by the prosecutor of the pleas of the county, and the penalty thereof shall be recovered and shall be paid into said court, and said court shall, from time to time, order said moneys paid out to indemnify the township.

From these sections it appears that it was the duty of said Benjamin F. Davis, who was present in the Court of General Quarter Sessions of the Peace, at the trial there, as soon as he heard the verdict of the jury and judgment of the court on the appeal, not only to pay the costs and expenses adjudged against him, but also to enter into new bond to the state, with approved security with the conditions mentioned in the twenty-first section of the act. He did pay the costs and expenses, but did not enter into the bond, and he departed the court without leave and without being discharged by the court, and thus the bond was forfeited. The prosecution was not required to ask the court to fix the amount of the penalty of the new bond required by the twenty-first section, or to apply to have the bond approved by the court. It was the duty of the defendants to have that done. They were bound to be the acting party then, as much so as the defendant in a *capias* and bail to the sheriff are required to have special bail put in. It is not enough that Benjamin F. Davis has remained continually within the jurisdiction of the Sessions and willing, as is said in one of the pleas, to perform any order of the said court

touching the matter in question, and is now ready to perform the same.

It is further contended by the defendants that the adjudication by the Court of General Quarter Sessions of the Peace on the appeal was not valid, and, therefore, the condition of the bond is not binding on defendants. The Sessions, without objection, heard the appeal with the aid of a jury, and adjudicated against the putative father on all points, except that they reduced the weekly payments from $5 to $3. The putative father had the benefit of a trial on the appeal before the Sessions, and the adjudication of that court has not been removed to a higher tribunal. In this condition of things that adjudication must stand, and cannot be attacked collaterally in an action on the bond by attempting to show that the putative father was not brought into court properly in the preliminary proceedings. To test that question, the judgment and order of the Sessions should have been removed to the Supreme Court.

Judgment is given for the plaintiff for the penalty of the bond, to be paid into the said Court of General Quarter Sessions of the Peace, and the defendants must pay to plaintiff costs of this suit.

For the plaintiffs in error, *J. E. Troth.*

For the defendant in error, *P. S. Scovel.*

THE CHANCELLOR. The judgment of the Supreme Court should be affirmed, for the reasons given by the justice before whom the cause was tried, in his opinion.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE. 12.

*For reversal*—None.